HENRY A. JOHNSON *vs.* HENRY PHILLIPS & another.

A mortgagee may maintain a writ of entry against a subsequent purchaser of the equity of the redemption, who has conveyed it away again, but still remains in possession; and may recover judgment for possession.

WRIT OF ENTRY to foreclose a mortgage. The parties submitted to the decision of the court of common pleas this case :

The premises, after being mortgaged by Levi Johnson, the owner thereof, to the plaintiff, were conveyed to Henry Phillips, by warranty deed, upon condition that he should pay the mortgage, and save the grantor harmless therefrom ; and were conveyed away by Phillips, before this action was commenced, to William Durant, and from him, by mesne conveyances, to Albert Lamb, who has since remained the owner of the equity of redemption, and has been summoned in and made a defendant in this action. Phillips has been in possession and occupation of the premises ever since the conveyance from Levi Johnson to him ; and the plaintiff, before bringing this action, demanded of him payment of the sum due on the mortgage, or a surrender of possession of the premises, both of which he refused.

The court of common pleas gave judgment for the plaintiff, and Phillips appealed to this court, before whom the case was argued at Worcester at September term 1858.

*C. H. Merriam*, for the plaintiff.

*J. W. Fletcher*, for Phillips.

SHAW, C. J. The plaintiff brought his action in the usual form of a writ of entry, counting on a title in fee and in mortgage ; and had such title under a mortgage from Levi Johnson, the owner, being prior, in time and in right, to any title claimed by the defendant. The plaintiff having such title, and declaring on it, the obvious purpose was to obtain a foreclosure of the mortgage, and therefore there is no doubt that the court of common pleas had jurisdiction. The plaintiff having the prior title as mortgagee, the defendant, being the tenant in possession, could have no higher or better title than that of holder of the equity of redemption ; and the most favorable presumption for

him, which the plaintiff could make, was that he had acquired such equity and so was rightfully made defendant in the action.

But it is contended upon the facts, that although the defendant had at one time been the owner of the equity, yet that he had alienated his entire interest and estate in the premises, and was therefore not tenant to the freehold. But it further appears that the plaintiff, having a right of entry as mortgagee, demanded possession of the defendant, who refused to yield it. The defendant, having thus resisted the plaintiff's right of entry, could not qualify his own wrong, and insist that such adverse possession was less than a disseisin. It was a disseisin as against the plaintiff; he thus became technically seised by disseisin, and so tenant to the freehold, as against him, and the writ of entry was rightfully brought against him. If his notice of non-tenure under the general issue of nul disseisin would, in our present practice, have operated as a plea of non-tenure in bar, such proof of disseisin would have falsified the plea. *Dolby* v. *Miller*, 2 Gray, 135.

It thus appearing by the facts that the defendant is not the holder of the equity of redemption, but a mere stranger, so that a conditional judgment against him would be irregular and inapplicable, then we think the plaintiff, by the Rev. Sts. *c.* 107, may have a general judgment for his seisin and possession; after thus obtaining his seisin and possession he may give notice in writing to any person entitled to redeem, that he will thenceforth hold for condition broken, from which time the term of three years will commence, and if not redeemed within that time, he will hold the estate foreclosed.

If it be objected that because it turns out that the ordinary conditional judgment, as in case of a mortgage, cannot be entered, therefore the court of common pleas had no jurisdiction; the answer is, that the jurisdiction of that court having once attached, it is competent for that court to render any such judgment as the case requires; and further, that by law such general judgment is one, and a very efficient step towards the foreclosure of a mortgage, and of such case that court has jurisdiction. *Judgment of the court of common pleas affirmed.* ·